# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| NATHANIEL WILLIAMS, | ) | 3:19-cv-00173-RCJ-WGC |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| vs. | ) | |
| | ) | July 13, 2021 |
| THRASHER, et al., | ) | |
| Defendants. | ) | |

PRESENT: <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK: <u>KAREN WALKER</u>    REPORTER: <u>NONE APPEARING</u>

COUNSEL FOR PLAINTIFF(S): <u>NONE APPEARING</u>

COUNSEL FOR DEFENDANT(S): <u>NONE APPEARING</u>

**MINUTE ORDER IN CHAMBERS:**

Before the court is Plaintiff's "Motion for an Order to Show Cause" (ECF No. 90). Plaintiff contends there are discovery responses which remain "unresolved, without responses." (*Id*. at 5.) Defendants filed an opposition to Plaintiff's motion (ECF No. 95).

On April 14, 2021, the court held a lengthy hearing regarding Plaintiff's motion for sanctions (ECF No. 76). At that hearing, the court ordered Deputy Attorney General (DAG) Olsen to respond to numerous outstanding discovery requests on or before April 28, 2021. (*Id.* at 3.) The court further ordered the parties to meet and confer "to resolve the discovery issues and any outstanding discovery prior to the discovery deadline of May 24, 2021." (*Id.* at 6.)

On May 18, 2021, DAG Olsen filed a Notice Regarding Outstanding Discovery (ECF No. 87). In the notice, DAG Olsen stated that the outstanding discovery requests discussed at the hearing were mailed out to Plaintiff on April 28, 2021. (*Id.* at 1.) DAG Olsen further stated that the parties held a meet and confer on May 3, 2021, and that Plaintiff advised DAG Olsen that he received the documents but had not reviewed them. (*Id.* at 2.) On May 11, 2021, the parties had another telephonic meet and confer and Plaintiff advised DAG Olsen that he was being transferred to Wells Conservation and the parties agreed to hold another telephone conference after the transfer occurred. (*Id.*)

///

On May 27, 2021, Plaintiff filed a "Notice of Dishonesty & False Statements by DAG Olsen re ECF No. 87" (ECF No. 88). Plaintiff claims that DAG Olsen did not provide the promised outstanding discovery as follows:

1. Cell search logs;
2. Redacted PREA complaint against Abuhantash;
3. Court ordered supplements;
4. First set of interrogatories to Rasner;
5. First set of admissions to Rasner; and
6. First set of admissions to Abuhantash.

On July 12, 2021, Defendants filed their opposition to Plaintiff's motion for order to show cause (ECF No. 95). Defendants state that "On June 22, 2021, Undersigned sent Williams a letter disputing his characterizations made in the May 27 Notice and informing him that the OAG was scheduling a phone call for Undersigned and him to attempt to resolve the issues and see what responses needed to be re-sent." (*Id.* at 2.) Defendants further state "On June 29, 2021, the OAG received a notice from WCC signed by Williams in which Williams explicitly refused to take Undersigned's phone call. Ex. B (Telephonic Conference Notice). The OAG further received a letter from Williams on July 1, 2021, in which Williams states, *inter alia*, that he has no interest in resolving this discovery issue outside the Court. Ex. C (Letter from Williams to Undersigned, June 28, 2021)." (*Id.*)

It appears to the court that Plaintiff has failed to meet and confer with DAG Olsen to try and resolve any outstanding discovery issues prior to filing his motion for order to show cause. Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion for an Order to Show Cause" (ECF No. 90) is **DENIED** without prejudice. The parties are again directed to meet and confer to resolve the discovery issues and any outstanding discovery within **fifteen (15) days** from the date of this order. This will require Plaintiff's cooperation in meeting with DAG Olsen in order to comply with the required meet and confer requirement. The court will not entertain any motions to compel unless the required meet and confer certification is attached to the motion. Plaintiff is further advised that his motion is subject to dismissal if he does not participate in the meet and confer with defense counsel.

///

///

**IT IS FURTHER ORDERED** that if Plaintiff elects to renew his motion, he include the required certification of a good faith attempt to meet and confer pursuant to Fed. R. Civ. P. 37(a) and LR 26-6(c).

DEBRA K. KEMPI, CLERK

By: _____/s/_____
            Deputy Clerk