UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| NATHANIEL WILLIAMS, | ) | |
| Plaintiff, | ) | |
| vs. | ) | 3:19-cv-00173-RCJ-WGC |
| DOUGLAS THRASHER, *et al.*, | ) | ORDER |
| Defendants. | ) | |

Plaintiff has filed six motions *pro se*, which are ripe for consideration. The Court will address these motions in this instant Order.

*I.     Motion to Alter or Amend and for Reconsideration (ECF No. 31)*

In its Screening Order, (ECF No. 9), the Court ruled that aspects of Counts I, II, and III could proceed against various specified defendants. The Court also ruled that Defendant C.O. Wachter was dismissed from the action without prejudice. However, the Court neglected to specify whether Plaintiff had asserted colorable claims against Defendants Del Porto and Borrowman. Their respective job titles are Inspector General and Deputy Director for the Nevada Department of Corrections. While the Court neglected to specifically include them in the dismissal in the Screening Order, their dismissal was appropriate.

In the Complaint, Plaintiff merely alleges that Defendants Del Porto and Borrowman "were made aware of these claims, they each had a duty & the power to act yet turned a 'Blind Eye' instead." Such conclusory allegations are insufficient to overcome the *Twombly-Iqbal* standard specified in the Screening Order. For this reason, the Court properly dismissed these parties.

The Court notes that Plaintiff argues that they are required parties under Fed. R. Civ. P. 19. This is plainly incorrect.

> A party may be necessary under Rule 19(a) in three different ways. First, a person is necessary if, in his absence, the court cannot accord complete relief among existing parties. Second, a person is necessary if he has an interest in the action and resolving the action in his absence may as a practical matter impair or impede his ability to protect that interest. Third, a person is necessary if he has an interest in the action and resolving the action in his absence may leave an existing party subject to inconsistent obligations because of that interest.

*Salt River Project Agr. Imp. & Power Dist. v. Lee*, 672 F.3d 1176, 1178–79 (9th Cir. 2012) (citing Fed. R. Civ. P. 19). None of these three ways is at all applicable here. The first way fails because Plaintiff may be able to acquire his complete relief from the current Defendants. The other two ways fail because Plaintiff is not claiming Ms. Del Porto and Mr. Borrowman have an interest in the litigation—he is trying to sue them. The Court therefore denies this motion.

## II.    *Motion to Clarify (ECF No. 45)*

For this motion, Plaintiff again complains about the dismissal of Ms. Del Porto and Mr. Borrowman. He raises the same arguments but retitles the motion as one for clarification. The Court denies this motion for the same reasons.

## III.   *Motion to Alter (ECF No. 64)*

In ECF No. 63, this Court ordered the dismissal of two defendants for failure to file proof of service: Defendant St. Mary and Defendant Steward. Unbeknownst to the Court at the time of this order, Defendant St. Mary had been properly served, so the Court has reversed her dismissal.

///

1    For this reason, this part of the motion is denied as moot. Turning to Defendant Steward, his dismissal is proper.

      The Office of the Attorney General did not accept service for these two defendants but did provide their last known addresses under seal. (ECF No. 48.) The Court therefore ordered that Plaintiff had until February 19, 2021 to complete the forms provided to him, which would have the U.S. Marshals perform service on them at their last known addresses. (ECF No. 50.) By March 2, 2021, the Court had not heard from Plaintiff regarding service or the Order (ECF No. 50), so it dismissed both defendants. (ECF No. 63.) Then Plaintiff filed proof that Defendant St. Mary was properly served on February 24, 2021, so the Court rescinded her dismissal. (ECF Nos. 75, 76.) The summons for Defendant Steward was, however, returned unexecuted, so that Court was proper in its dismissal of Defendant Steward. (ECF No. 73.) Therefore, this motion is denied.

### IV.    Motion to Submit (ECF No. 71)

Plaintiff filed a motion asking for this Court to consider his other motions (ECF Nos. 45 and 64). As the Court rules on these motions in this Order, it denies this motion as moot.

### V.    Motion for Leave to File (ECF No. 78)

Plaintiff moves for leave to file a motion for reconsideration claiming that a recent Ninth Circuit case dictates that this Court was too limited in its Screening Order. He relies on *Bearchild v. Cobban*, 947 F.3d 1130, 1142 (9th Cir. 2020), which he contends changed the controlling law on Eight Amendment sexual assault claims. He is incorrect. Rather, the circuit repeatedly asserted that it was merely following prior precedent. The circuit ruled that the district court erred in its jury instructions by including an element that was not required. To reach that conclusion, it stated, "Two of our prior decisions make this plain." *Id.* at 1142. As *Bearchild*, was not an intervening change in the law, the Court denies this motion.

///

**VI.     Motion Seeking Judicial Action (ECF No. 100)**

Lastly, Plaintiff again filed a motion asking for this Court to consider his other motions (ECF Nos. 45 and 78). As the Court rules on these motions in this Order, it denies this motion as moot.

## CONCLUSION

IT IS HEREBY ORDERED that Motion to Alter or Amend (ECF No. 31) is DENIED.

IT IS FURTHER ORDERED that Motion to Clarify (ECF No. 45) is DENIED.

IT IS FURTHER ORDERED that Motion to Alter (ECF No. 64) is DENIED.

IT IS FURTHER ORDERED that Motion to Submit (ECF No. 71) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Motion for Leave to File (ECF No. 78) is DENIED.

IT IS FURTHER ORDERED that Motion Seeking Judicial Action (ECF No. 100) is DENIED AS MOOT.

IT IS SO ORDERED.

Dated September 29, 2021.

_____
ROBERT C. JONES
United States District Judge